FILED BY _____

2001 JAN -5 PM 3:59

CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 00-6359-CR-ZLOCH/SELTER**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**v.**

**TARYN WILLIAMS, and**
**ELLEANA AUSTIN,**

        **Defendants.**

_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States of America, in response to the Standing

Discovery Order issued in this case, states as follows:

A.    1.    The government is unaware of any written or recorded
statements made by the defendant.

2.    The defendants did not make any oral statements
before or after arrest in response to interrogation by any person
then known to be a government agent.

3.    The defendants did not testify before the grand
jury.

4.    The defendants' criminal history will be disclosed
upon receipt by the undersigned.

5.    Books, papers, documents, photographs, tangible
objects, buildings or places which the government intends to use as
evidence at trial to prove its case in chief, or were obtained from
or belonging to the defendants, may be inspected and copied by



24

making an appointment with the undersigned.     Some items are attached.   An inventory of those items is attached.

        6.    No scientific examinations were conducted in this case.

    B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.    The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976).

    D.    The government will disclose any records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

    E.    No alleged co-conspirator, accomplice or informant will testify for the government at trial.

    F.    The defendants were not identified in a lineup, showup, photo spread or similar identification procedure.

    G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.    Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I.    The defendants are not aggrieved persons as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

    J.    The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.    No controlled substance was seized in relation to this case.

M.    Latent fingerprints have not been recovered in this case.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:    _____

TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

INVENTORY OF ATTACHED ITEMS

Page #

| | |
|---|---|
| Search warrant inventory | 13 pages |
| Misc. financial documents and mail | 14 pages |
| Misc. Medical Examiner's reports and financial records | 13 pages |
| Misc. credit reports and financial records | 17 pages |
| Misc. Medical Examiner's reports and financial records | 19 pages |
| Driver's license of Malcolm Henry King | 1 page |
| Home Deport bill and misc. credit cards | 2 pages |
| CTI Mortgage letter | 1 page |
| Sales contract and assorted financial records | 18 pages |
| Credit reports, Medical Examiner's reports, etc. | 25 pages |
| Checks, mail and bills | 8 pages |
| Application for employer identification number | 2 pages |
| Motor vehicle purchase documents | 11 page |
| Assorted mail | 4 pages |
| Misc. receipts and financial documents | 19 pages |
| Mail, receipts, financial records | 7 pages |
| Receipts and mail | 2 pages |
| Earnings statement, driver's licenses and alien cards | 3 pages |
| Rodriguez mail | 1 page |
| Receipt and mail | 2 pages |
| Mail and mortgage document | 5 pages |
| Mail and misc. documents | 7 pages |
| Vehicle registration and misc. documents | 5 pages |
| Citibank Mortgage documents | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by mail this 5₫th day of January, 2001,  upon: Assistant Federal Public Defender Darryl Wilcox, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301; and Kenneth L. Weisman, Esquire, 1471 N.W. 14 Street, Miami, Florida 33125.

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY